## THE PEOPLE *vs.* ERIAL HEWIT.

On the trial of an indictment for forgery, where the witnesses disagree as to the genuineness of the signature, comparison of hands is admissible, (a) and the prisoner may prove by the cashier of a bank or others, who are in the habit of examining signatures with a view to detect forgeries, that the instrument alleged to be forged is not a simulated hand.

The prisoner was indicted for forging a note against one Elisha Oakley, for twenty-five dollars. Oakley testified that he gave to the prisoner a note for $5, of the same date as the one produced, but that he never gave one for $25, and that his name subscribed to the note was not his signature. Several witnesses stated that they were acquainted with the handwriting of the prosecutor, and believed it was not his handwriting. On the part of the prisoner, several witnesses testified that they believed it was the handwriting of the prosecutor.

The counsel for the prisoner then produced a number of writings, to which the name of the prosecutor was subscribed,

---

(a) NOTE.—It is usual, in the ecclesiastical courts, to admit comparison of handwriting, in contests respecting the execution of wills. Beaumont vs. Perkins, Heath vs. Watts, Rexley vs. Rivet, 1 Phillimore's Rep. 75 to 80, Goodtitle ex dem. Rivet vs. Braham, 4 Term R. 497 in B. R.

The People *v.* Hewit.

which signatures were admitted to be genuine, and offered to prove by comparison with the signature on the note that it was in the same handwriting. The prisoner also offered to prove, by the cashier of a bank, that the signature to the note was a genuine signature and not a simulated one.

WALWORTH, *Circuit Judge.*—It is laid down as a general rule of evidence, that comparison of handwriting is not to be permitted. But this rule must be taken with many exceptions. I apprehend the true rule to be that comparison of hands is not to be admitted as direct evidence, to prove or disprove the genuineness of a signature or writing. But in a case where the ordinary evidence of that fact is so contradictory as to leave it doubtful, then such evidence may be given; as in this case, where many witnesses equally well acquainted with the handwriting of the prosecutor, have formed different opinions of the genuineness of the signature, from their knowledge of his handwriting. From my own experience, I am satisfied that the comparison of handwriting is frequently more to be relied on, in such cases, than the ordinary evidence which is given as to handwriting.

The prisoner may also prove by the cashier who has been in the habit of examining the signatures to notes and bank bills, to ascertain their genuineness, that the signature to this note is not a simulated hand. It is such evidence as is given every day on indictments for passing counterfeit money.

Prisoner acquitted